UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY COFFMAN,                  )
                                )
           Plaintiff,           )
                                )
      v.                        )   No. 4:05-CV-1133-MLM
                                )
ALAN BLAKE, et al.,             )
                                )
           Defendants.          )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, who is confined at the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary, declaratory, and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are MSOTC employees Alan Blake, Patricia Weaver, Mary Beath Ashland, Linda Meade, Jon Rosenboom, and "Unknown Persons." Plaintiff generally alleges that this action "is about . . . malpractice, improper or negligent treatment." He claims that "mental health is punish[ment] calling it treatment," and that "the medical profession can be callous and reckless when dealing with patients." He states that he "is challenging the treatments of the SVP." In addition, plaintiff

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

challenges the constitutionality of Missouri's Sexually Violent Predators Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-513, under which he is involuntarily confined.[1] Specifically, plaintiff alleges that the SVPA is unconstitutional because it is punitive.

**Discussion**

A. John Doe defendants

At the outset, the Court notes that, in general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of "Unknown Persons" to be ascertained after reasonable discovery. This is not permissible. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). As such, the complaint is legally frivolous as to defendants "Unknown Persons."

---

[1] Missouri's Sexually Violent Predators Act authorizes the civil commitment of persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility. See Mo. Rev. Stat. 632.480, et seq.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

B. Malpractice and negligence claims

Plaintiff's general allegations of medical malpractice and negligence do not rise to the level of a constitutional violation. To the extent that plaintiff is claiming that the sexual offender program at the Farmington Treatment Center is a medical service and is inadequate under the Due Process Clause of the Fourteenth Amendment, he "must show that any medical deprivation is objectively serious" and that defendants "are acting with deliberate indifference to his needs." Tineybey v. Peters, 2001 WL 527409 (N.D.Ill.).[2] "Dissatisfaction with a medical program or disagreement with how a medical program is run . . . is not indicative of deliberate indifference . . . and by itself, cannot support a § 1983 claim." Id. Plaintiff's allegation that defendants have violated his constitutional rights in that "mental health is punish[ment] calling it treatment," at most, constitutes dissatisfaction or a disagreement with the sexual offender treatment program, and simply is not cognizable as a constitutional violation. Therefore, plaintiff's medical claims are legally frivolous.

---

[2]Cf. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 906 (8th Cir. 1999)(Fourteenth Amendment entitles pretrial detainees to at least as great protection as that afforded convicted prisoners under Eighth Amendment; Eighth Circuit has yet to settle on clearly binding standard).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

C. Claims challenging the constitutionality of the SVPA.

A favorable ruling on plaintiff's § 1983 claim that Missouri's SVPA is unconstitutional would necessarily imply the invalidity of plaintiff's current confinement. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of his confinement. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 490 (1973). Even if the Court liberally construed this action as a federal habeas corpus action, there is no indication that plaintiff has previously presented his claims relative to the unconstitutionality of § 632.480 to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 28th day of September, 2005

                                              /s/ Jean C. Hamilton
                                              **UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com